# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRIAN IVY SCOTT HARRIS,

           Plaintiff,

-vs-                                Case No. 13-CV-471

KENOSHA COUNTY MEDICAL STAFF,
KENOSHA COUNTY POLICE DEPARTMENT,
and KENOSHA COUNTY SHERIFF'S DEPARTMENT,

           Defendants.

## SCREENING ORDER

The plaintiff, who is incarcerated at Kenosha County Detention Center, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*. The plaintiff has been assessed and paid an initial partial filing fee of $0.93.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in

fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to

2

relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff alleges that during his eighteen months confinement at the Kenosha County Jail ("Jail") he contracted the scabies virus. His symptoms are itchy sores spread over his arms and legs. Jail medical staff failed to administer effective medication for the symptoms. In addition, the Jail does not quarantine or immunize inmates as they are brought into the Jail. Inmates are placed in general population with contagious diseases. The

3

plaintiff claims that his rights under the Eighth Amendment have been violated. He seeks monetary relief.

The plaintiff's allegations implicate his rights under the Eighth Amendment based on a deliberate indifference to a serious medical need claim. However, the plaintiff is suing Kenosha County Medical Staff and Kenosha County Police and Sheriff's Department, and neither party is a proper defendant. *See Best v. City of Portland*, 554 F.3d 698 (7th Cir. 2009) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997); *West v. Waymire*, 114 F.3d 646, 646-47 (7th Cir. 1997)).

It appears that the plaintiff wants to proceed against individuals based on contracting the scabies virus and failing to treat the symptoms. To do that, the plaintiff will need to name individual defendants who were personally involved in the complaint allegations. It also appears that the plaintiff wants to proceed on a claim that the Jail's policy or practice resulted in him contracting scabies. The proper defendant for a policy claim would be Kenosha County.

If the plaintiff wants to proceed, he must file an amended complaint curing the deficiencies in the original complaint as described herein. Such amended complaint must be filed on or before July 8, 2013. Failure to file an amended complaint within this time period may result in dismissal of this action.

The plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended

4

complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If an amended complaint is received, it will be screened pursuant to 28 U.S.C. § 1915A.

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket # 2) be and hereby is **granted**.

**IT IS FURTHER ORDERED** that on or before **July 8, 2013**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the Kenosha County Sheriff shall collect from the plaintiff's prisoner trust account the $347.07 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that copies of this order be sent to the Kenosha County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin

Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

> Honorable Rudolph T. Randa
> c/o Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dated at Milwaukee, Wisconsin, this 11thday of June, 2013.

**SO ORDERED,**

*/s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U. S. District Judge**